UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT A. LEE,

      Plaintiff,

v.                                Case No: 2:16-cv-355-FtM-99MRM

ASCO SERVICES, INC., EMERSON
NETWORK POWER SOLUTIONS,
INC., ELECTRICAL RELIABILITY
SERVICES,      INC.,      and
THYSSENKRUPP      ELEVATOR
CORPORATION,

      Defendants.

---

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #20) filed on June 2, 2016. Defendants ASCO Services, Inc., Electrical Reliability Services, Inc. (defendant or ERS), and Emerson Network Power Solutions, Inc. (collectively "defendants") filed a response in opposition (Doc. #24) on June 15, 2016. For the reasons set forth below, the motion is denied.

**I.**

On March 23, 2016, Plaintiff, Robert A. Lee (Lee) filed a four-count Complaint for state-law negligence against defendants in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County. (Doc. #2.) Defendants filed a Notice of Removal (Doc. #1) on May 11, 2016, removing the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332,

1441, 1447.  (Id.)  Plaintiff now moves to remand the case to state court on the grounds that ERS's principal place of business is Fort Myers, Florida, as stated in their Annual Reports filed with the Florida Secretary of State since 2002, thus destroying the complete diversity requirements under 28 U.S.C. § 1332.  (Doc. #20, pp. 3-4.)

## II.

Diversity jurisdiction requires complete diversity of citizenship, and that the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000).  As the parties seeking federal jurisdiction, the burden is upon defendants to establish diversity jurisdiction as of the date of removal.  Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "All doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1994).

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The corporation's principal place of business is "where a corporation's officers direct control, and

coordinate the corporation's activities," in other words, the corporation's "nerve center." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). "[I}n practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." Id. at 93.

The Eleventh Circuit has held that "while it is best to include all relevant evidence in a petition for removal and motion to remand, a district court may, when necessary, consider post-removal evidence in assessing removal jurisdiction." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Further, "the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." Id. at 949 (citing Allen v. R & H Oil Co., 63 F.3d 1326, 1335 (5th Cir. 1995)).

### III.

Plaintiff is a citizen of Florida. (Doc. #1, ¶8; Doc. #2, ¶4.) Defendants' Notice of Removal (Doc. #1) states that "ERS is a corporation organized under the laws of California with its principal place of business in Ohio. ERS is, accordingly, a citizen of California and Ohio." (Doc. #2, ¶10.) Plaintiff has provided evidence contradicting ERS's jurisdictional allegations by submitting ERS's Annual Report filings from 2002 through April

28, 2016, which state that ERS's principal place of business is in Fort Myers, Florida.[1]  (Docs. ##19-1 - 19-16.)  Defendants respond with the affidavit of Thomas Nation, ERS's Vice President and General Manager (the Nation Affidavit), which states that the principal place of business address listing in Florida was a "mistake" and "incorrect" and provides a corrected filing listing Ohio as its current principal place of business.[2]  (Doc. #27-1, ¶9, Exh. 3.)  The Nation Affidavit specifically states that since 2010, ERS has been managed and its corporate affairs are handled from one central location in Ohio.  (Id. at ¶5.)  All of its corporate officers directs the company's network of service centers throughout the United States from Ohio.  (Id. at ¶¶5, 6.)  The affairs of ERS are not managed, directed, or controlled at any of its service centers outside Ohio.  (Id. at ¶7.)  The Fort Myers Area Service Center employs staff and technicians to provide

---

[1] Plaintiff filed a Motion to Take Judicial Notice, seeking judicial notice of ERS's Florida and California Secretary of State filings, attached as Exhibits 1 through 16.  (Docs. ##19, 19-1 – 19-16.)  The Court will do so.

[2] Plaintiff moves to strike the first Nation Affidavit (Doc. #24-1) as a "sham pleading" on the grounds that although it was notarized, the notarization does not state that Mr. Nation was placed under oath or was sworn, and it contradicts the Secretary of State filings.  (Doc. #26.)  Although disagreeing with plaintiff's assertions, defendants filed an amended Nation Affidavit, the only change being that it was sworn.  (Docs. #27, 27-1.)  Plaintiff moves to strike the amended affidavit as a "sham pleading" as well.  (Doc. #28.)  The Court finds that it would be improper to disregard the amended Nation Affidavit.  The motions will be denied.

services on behalf of ERS, and none of ERS's affairs are managed, directed, or controlled from the service center. (<u>Id.</u> at ¶7.)

Based upon the evidence submitted by ERS, the Court is satisfied that defendants have met their burden to establish complete diversity as of the time of removal by a preponderance of the evidence.  Therefore, remand will be denied.  The Court notes that subject matter jurisdiction remains a "live" issue for the duration of the case.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Plaintiff's Motion to Remand (Doc. #20) is **DENIED.**

2.   Plaintiff's Motion to Take Judicial Notice (Doc. #19) is **GRANTED**.

3.   Plaintiff's Motion to Strike Unsworn and Contradictory Affidavit of Thomas Nation (Doc. #26) is **DENIED.**

4.   Plaintiff's Motion to Strike Contradictory Amended Affidavit of Thomas Nation (Doc. #28) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __24th__ day of October, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record